**DAWSON CARBIDE INDUSTRIES, INC., Petitioner, Cross-Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent, Cross-Petitioner.**

Nos. 85–5051, 85–5169.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 6, 1986.

Decided Jan. 28, 1986.

Wallace G. Long, argued, Barry L. King, Detroit, Mich., for petitioner, cross-respondent.

Elliott Moore, Karen Cordry, argued, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., Bernard Gottfried, Director, Region 7, N.L.R.B., Patrick V. McNamara, Detroit, Mich., for respondent, cross-petitioner.

Before MERRITT, JONES and NELSON, Circuit Judges.

MERRITT, Circuit Judge.

Petitioner Dawson Carbide asks that we refuse enforcement of the decision and order of the NLRB finding Carbide guilty of unfair labor practices. In the alternative, it asks that we find that the employees in question would have been laid off with other employees anyway within a few weeks and hence would have been eligible to receive backpay running only to the date of subsequent layoffs and would have been ineligible to vote in the representation election. Because we believe the decisions of the Administrative Law Judge and the NLRB to be supported by substantial evidence, we enforce the Board's decision. Confident that the agency will give serious attention to the amount-of-backpay and election issues when and if it is required to decide those issues—a contingency that has not yet occurred—we express no opinion thereon.

## I.

This case involves the layoff of two employees of Dawson Carbide, Carol Ann Kustosz and Howard Churchwell, allegedly because of union activities. After Kustosz and Churchwell complained of the layoffs to the NLRB, the issue was tried before an Administrative Law Judge. Considerable quantities of testimonial and documentary evidence were presented, with Carbide contending that the layoffs were compelled by economic necessity instead of anti-union sentiments. The ALJ, however, found that Carbide was guilty of unfair labor practices and ordered the reinstatement, with backpay, of Kustosz and Churchwell. Appeal was then taken to a three-member panel of the Board, which affirmed in all respects relevant to this case. Both the ALJ's opinion and that of the Board fully reviewed the facts and arguments involved.

## II.

The scope of review in this case is the narrow one of determining whether the Board's action was supported by substantial evidence. 29 U.S.C. § 160(e), (f); *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951). After review of the briefs, the records and the opinions of the ALJ and the Board, we are of the opinion that the Board's finding of unfair labor practices was supported by substantial evidence. There is substantial evidence in the record that anti-union animus prompted the layoffs in question. Even if we were to accept Carbide's rather persuasive argument that Kustosz and Churchwell would have

been laid off soon anyway, the acceleration of a layoff to punish union activity would still be an unfair labor practice. *See* 29 U.S.C. 158(a)(1). Accordingly, we order the Board's decision and order enforced. We express no opinion as to the validity of ballots cast by Kustosz and Churchwell, leaving that to be resolved in other proceedings before the Board.